**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CR-20078-LEIBOWITZ/AUGUSTIN-BIRCH**

**UNITED STATES OF AMERICA**

**v.**

**DARIUS MONTAQUE HAYMON,**

> **Defendant.**

_____/

**THE UNITED STATES' MOTION FOR A PROTECTIVE ORDER**
**REGULATING DISCLOSURE OF DISCOVERY**
**AND SENSITIVE INFORMATION CONTAINED THEREIN**

Pursuant to Federal Rule of Criminal Procedure 16(d), the United States of America files this motion for a protective order regulating disclosure of the discovery materials in this case, sensitive personal identifying information, and other sensitive information contained therein (the "Discovery").

The defendant in this case is charged with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (DE 3).

According to the Standing Discovery Order, the Discovery is due on April 17, 2026. (DE 13). The government has redacted documents that contain personal identifying information of witnesses and victims. However, discovery in this case also includes a number of video and audio recordings that contain personal identifying information of the witnesses and victims.

Dissemination of the personal identifying information would jeopardize the safety of the witnesses and victims.

Accordingly, to protect the safety of the witnesses and maintain the integrity of other ongoing investigations, the government seeks to limit the dissemination of the personal identifying

information to only those individuals necessary to assist in the defense in this case and with the following disclosure regulations:

1.    The government is authorized to disclose personal identifying information in its possession that the government believes necessary to comply with the Discovery obligations imposed by this Court;

2.    The government shall produce the Discovery as follows. The government shall mark that portion of the Discovery that includes personal identifying information as "Confidential," which will be governed by the following rules:

a.    Counsel of record for the defendant in this proceeding shall hold the Confidential portion of the Discovery in the strictest confidence. Therefore, defense counsel shall restrict access to this Discovery, and shall disclose this Discovery to their client, office staff, investigators, and to anticipated fact or expert witnesses only to the extent that defense counsel believes is necessary to assist in the defense of their client in this matter and in a manner that will prohibit the disclosure of this Discovery to other persons not involved in the defense. To the extent a defendant is in custody, defense counsel may show the defendant copies of the Confidential portion of the Discovery but may not provide the defendant with copies of the Confidential portion of the Discovery.  Under no circumstance shall defense counsel permit the defendant or any other individual to remove the Confidential portion of the Discovery from defense counsel's office, retain any copies of the Confidential portion of the Discovery, or reproduce in any manner the Confidential portion of the Discovery;

b.    Counsel of record for the defendant shall advise any person to whom the Confidential portion of the Discovery is disclosed that such information shall be held in strict confidence, and that further disclosure or dissemination is prohibited without defense counsel's express consent; and

c.      Counsel of record for the defendant shall obtain a certification from each person to whom the Confidential portion of the Discovery is disclosed, in which the recipient (a) acknowledges these restrictions as set forth in the Protective Order of the Court, and (b) agrees that they will not disclose or disseminate the information without express consent of defense counsel.  Counsel shall keep a copy of each certification to identify the individuals who received the Confidential portion of the Discovery and the date on which such information was first disclosed.

d.      Counsel of record for the defendant agrees that, upon conclusion of the above captioned case,[1] copies of the Confidential portion of the Discovery disclosed to defense counsel pursuant to the terms of this order shall be destroyed or returned to the United States.

[This Space Intentionally Left Blank.]

---

[1] This shall mean the period at the conclusion of any appellate and collateral proceedings; if any, or upon expiration of the deadline for filing appellate or collateral proceedings.

3

## Conferral

Counsel for the United States contacted counsel for the defendant, via email, who stated that they object to the certification requirement.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

/s/ *Nadia L. Rossbach*
NADIA L. ROSSBACH
Assistant United States Attorney
Court ID No. A5503415
99 Northeast 4th Street,
Miami, FL 33132-2111
Telephone: (305) 961-9343
E-mail: nadia.rossbach@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 15, 2026, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.

/s/ *Nadia L. Rossbach*
NADIA L. ROSSBACH
Assistant United States Attorney

4