UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 26-20078-CR-LEIBOWITZ

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

DARIUS MONTAQUE HAYMON,

     Defendant.

_____/

## OBJECTION TO GOVERNMENT'S MOTION FOR PROTECTIVE ORDER

On April 15, 2026, the government filed a motion for a protective order imposing limitations on the defense's dissemination and use of discovery materials containing the sensitive personal identifying information of alleged victims and witnesses (the "Confidential discovery"). ECF No. 18. The defense has no objection to the proposed terms of the protective order that require defense counsel to hold any Confidential discovery "in the strictest confidence," restrict its access to a limited group of individuals, advise anyone accessing the Confidential discovery of the limitations of the protective order, and destroy or return the Confidential discovery at the end of the case. *Id.*

The defense's only objection is to paragraph 2(c) of the proposed order requiring defense counsel to obtain a certification from each person to whom the Confidential discovery is disclosed. ECF No. 18. The defense is prepared to comply with paragraphs 2(a) and (b) which impose an affirmative duty on the defense to

ensure the Confidential discovery is not used or disseminated in violation of the protective order. The government has not shown good cause as to why the additional certification requirement in paragraph 2(c) is also necessary. As such, the Court should strike paragraph 2(c) from the proposed order and enter the protective order with the terms agreed upon by the parties.

### ARGUMENT

Federal Rule of Criminal Procedure 16(d)(1) allows district courts to issue protective orders imposing restrictions on discovery for "good cause." Fed. R. Crim. Proc. 16(d)(1). The party seeking the protective order bears the burden of establishing good cause. *See United States v. Belfast*, No. 06-20758-CR, 2007 WL 9705938, at *2 (S.D. Fla. Apr. 26, 2007) ("[D]istrict courts should only grant protective orders upon a showing of good cause."). Because good cause "must be demonstrated with specificity," general allegations of harm are insufficient to show good cause. *Id.* Instead, the moving party must articulate a particular need for the protective order and provide specific examples of the harm the order seeks to avoid. *Id.*

Even where there is good cause for a protective order, a district court must determine whether to enter the particular order proposed. In doing so, "courts should take care to ensure that the protection afforded to [discovery] information is no broader than is necessary to accomplish the [proffered] goals" of the protective order. *United States v. Lindh*, 198 F. Supp. 2d 739, 742 (E.D. Va. 2002). "In this regard, courts should be sensitive to less restrictive alternatives available to achieve th[ese]

2

goal[s]." *Id. See also United States v. Londono*, No. 10-20763-1-CR, 2019 WL 11216999, at *2 (S.D. Fla. Aug. 28, 2019) (denying modification of a protective order where the requesting party "can effectively accomplish the same goals he seeks to obtain here by using alternate means").

The goal of the protective order sought by the government is to "protect the safety of the witnesses and maintain the integrity of other ongoing investigations." ECF No. 18. As stated herein, the defense is prepared to abide by the terms of the order requiring the defense to guard against the improper disclosure of sensitive or personal identifying information. The defense's only objection is to paragraph 2(c) of the proposed order which imposes a certification requirement that is broader than necessary to achieve the goals of the protective order.

The proposed order imposes several requirements on defense counsel that will effectively protect the Confidential discovery. Paragraph 2(a) requires that defense counsel hold Confidential discovery "in the strictest confidence" and only disclose it "to their client, office staff, investigators, and to anticipated fact or expert witnesses" working on the case and "in a manner that will prohibit the disclosure of this discovery to other persons." Paragraph 2(b) places an affirmative obligation on defense counsel to "advise" anyone receiving the Confidential discovery that it "shall be held in strict confidence" and that they cannot disclose the Confidential discovery "without defense counsel's express consent." As an officer of the court, defense counsel can be expected to comply with a court order imposing these requirements and ensure

3

that the Confidential discovery will not be improperly used or disclosed in violation of the order.

Paragraph 2(c) of the proposed order unnecessarily requires the defense to take the additional step of obtaining a written certification from anyone who receives the Confidential discovery:

> Counsel of record for the defendant shall obtain a certification from each person to whom the Confidential portion of the Discovery is disclosed, in which the recipient (a) acknowledges these restrictions as set forth in the Protective Order of the Court, and (b) agrees that they will not disclose or disseminate the information without express consent of defense counsel. Counsel shall keep a copy of each certification to identify the individuals who received the Confidential portion of the Discovery and the date on which such information was first disclosed.

Despite the defense's objection to this paragraph, the government's motion for a protective order does not explain why requiring defense counsel to obtain certifications is necessary or even useful to protect the Confidential discovery. ECF No. 18. The government's failure to articulate any justification for the certification requirement in this paragraph is sufficient to warrant its exclusion for lack of good cause. *See Belfast*, 2007 WL 9705938, at *3.

Paragraph 2(c) of the proposed order should also be rejected as vague and unnecessary to achieve the goal of protecting sensitive of personal identifying information. Despite asking this Court to compel the production of these "certifications," the government does not explain how or when they might be used, which party may use them, or what legal significance, if any, these certifications might have. Most importantly, paragraphs 2(a) and (b) of the proposed order provide

4

alternative and less burdensome means to effectively protect against the improper use or dissemination of victims' information. *See Londono*, 2019 WL 11216999 at *2.

In the absence of any justification for why these certifications should be required, the Court should decline to include paragraph 2(c) for lack of good cause. *See United States v. Ovadia*, Case No. 24-CR-20164-DPG, ECF No. 12 (issuing protective order in threats case involving two victims without certification requirement requested by the government and objected to by the defense); *United States v. Arritola*, Case No. 24-cr-20348-DPG-1, ECF No. 43 (issuing protective order in fraud case involving multiple victims without certification requirement requested by the government and objected to by the defense).

Finally, we ask the Court to consider that even laws protecting victims' identities do not require the type of certifications the government seeks here. Victims of sexual assault and minors are the only individuals afforded particularized protection from disclosure of their identities under federal law. *Belfast*, 2007 WL 9705938, at *5. For example, in a case involving child victims and witnesses, 18 U.S.C. § 3509(d)(1) requires the defense to (i) keep all documents with information concerning a child in a secure place and (ii) only disclose these documents "to persons who, by reason of their participation in the proceeding, have reason to know such information." These requirements are similar to paragraphs 2(a) and (b) of the proposed protective order at issue here. Notably, federal law does not require defense counsel to obtain certifications from anyone working with the defense who receives

information regarding a child victim or witness. If Congress did not deem a certification requirement to be necessary for the most vulnerable victims in a criminal proceeding, the Court should not find a certification requirement necessary here.

### CONCLUSION

For all these reasons, the Court should strike paragraph 2(c) from the proposed protective order because the government has not shown good cause for requiring defense counsel to obtain certifications from individuals receiving the Confidential discovery. The Court should enter the remaining terms of the proposed protective order as they are sufficient to ensure the proper dissemination and use of Confidential discovery, without imposing any unnecessary requirements on the defense.

Respectfully Submitted,

HECTOR DOPICO
INTERIM FEDERAL PUBLIC DEFENDER


By:   /s/Leticia M. Olivera
      Assistant Federal Public Defender
      Bar No. A5503215
      150 W. Flagler Street, Suite 1700
      Miami, Florida   33130
      Tel:   305-530-7000
      leticia_olivera@fd.org

6

## CERTIFICATE OF SERVICE

I HEREBY certify that on April 15, 2026. I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Leticia M. Olivera*
Leticia M. Olivera