**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CR-20078-LEIBOWITZ/AUGUSTIN-BIRCH**

**UNITED STATES OF AMERICA**

**v.**

**DARIUS MONTAQUE HAYMON,**

     **Defendant.**

_____/

**THE UNITED STATES' REPLY TO DEFENDANT'S**
**OBJECTION TO THE MOTION FOR A PROTECTIVE ORDER**

This Court should reject Defendant Darius Haymon's ("Defendant" or Haymon) argument and grant the Government's motion for a protective order regulating the disclosure of sensitive discovery.

**BACKGROUND FACTS AND ARGUMENT**

Federal Rule of Criminal Procedure 16(d)(1) provides that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Entering a protective order falls under this provision. *See Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect."). The Government's proposed order protecting the personal identifying information of victims and witnesses, requiring Defendant to obtain a certification of those who receive the confidential portion of discovery) will help ensure the safety of the victims and witnesses.

This case involves Defendant shooting a firearm at least twice in the courtyard of his Miami apartment complex over a drug dispute. On April 12, 2025, M.H. and another individual went to

Defendant's apartment, where Defendant lived with his girlfriend, and their minor child.[1]  M.H. wanted to buy "Molly," but Defendant and the other individual began to argue. Defendant claims in his post-*Miranda* statement, they argued because Defendant refused to sell marijuana and "cook" (presumably related to crack cocaine) for the individual, but was instead selling marijuana for his own profit.  CCTV footage from the apartment complex captured the argument and shooting.  At some point, another individual also became involved in the argument.  The group argued intensely in front of the apartment doorway.  M.H. and Defendant are seen pointing firearms at one another.  M.H. began to walk away—but as he walked away, Defendant started shooting. M.H. returned fire.  The shooting resulted in stray bullets hitting a neighboring residence with three young children.

Defendant admitted that he had a firearm, that he shot the firearm, and that he knew he was a convicted felon at the time of the shooting.  Local law enforcement arrested Defendant for aggravated assault with a deadly weapon, in violation Florida Statute 784.021, and possession of a firearm as a convicted felon, in violation of Florida Statute 790.23.

On or about April 15, 2025, Defendant bonded out of state custody.  On August 19, 2025— only four months later—Defendant was arrested again, for possessing a firearm, in violation of 790.23, along with charges of attempting to traffic heroin, in violation of Florida Statute 893.135(1)(5), selling and trafficking cocaine, in violation of Florida Statutes 893.135(1)(B)1 and 893.13(1)(A)1, possessing cannabis and morphine, in violation of Florida Statute 893.13(6)(A), and possessing drug paraphernalia, in violation of Florida Statute 893.147(1).  Defendant also has prior felony convictions that include aggravated assault with a firearm, in violation of Florida Statute Florida Statute 784.021, where he discharged a firearm at a vehicle, possession of a firearm

---

[1] According to local law enforcement, Defendant's apartment is in a high crime area.

and ammunition by a convicted felon, in violation of Florida Statute 790.23, fleeing and eluding law enforcement, in violation of Florida Statute 316.1935(1), tampering with evidence, in violation of Florida Statute 918.13(1)(a), and selling and possessing cocaine, in violation of Florida Statute 893.13(1)(A)1.

During this investigation, law enforcement officers interviewed residents of Defendant's apartment complex. Some stated that Defendant's apartment was known for drug dealing and expressed a desire to remain anonymous. Further, in his post-*Miranda* interview, Defendant stated that one of his neighbors "hate[s]" him and that "she's one of the reasons a lot of stuff starts."

Because Defendant has displayed a pattern of criminal and violent behavior, there is a safety concern with revealing personal identifying information of those involved in this investigation. The Government's request to include a certification of others receiving specific material does not impede Defendant's ability to prepare his case in any way. However, it does protect the witnesses and victims involved in the matter.

### CONCLUSION

In sum, the Government's proposed order, including the certification requirement, will help ensure the safety of the victims and witnesses.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

/s/ *Nadia L. Rossbach*
NADIA L. ROSSBACH
Assistant United States Attorney
Court ID No. A5503415
99 Northeast 4th Street,
Miami, FL 33132-2111
Telephone: (305) 961-9343
E-mail: nadia.rossbach@usdoj.gov

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on April 15, 2026, I electronically filed the foregoing with the

Clerk of the Court using CM/ECF.

<u>/s/ *Nadia L. Rossbach*</u>
NADIA L. ROSSBACH
Assistant United States Attorney

4