**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CR-20078-LEIBOWITZ**

**UNITED STATES OF AMERICA**

**v.**

**DARIUS MONTAQUE HAYMON,**

**Defendant.**

_____/

### PROTECTIVE ORDER REGULATING DISCLOSURE OF DISCOVERY AND SENSITIVE INFORMATION CONTAINED THEREIN

The Government has filed a motion for a protective order regulating the disclosure of discovery and sensitive information contained therein (the "Discovery") to defense counsel in connection with the Government's discovery obligations in this case.  [ECF No. 18].  Counsel for Defendant has agreed to the terms of the proposed protective order, except for an objection lodged as to the certification requirement in Paragraph 2(c).  [ECF No. 19].

The Court finds good cause for the entry of the following protective order and **OVERRULES** the objection of defense counsel as to the inclusion of the certification requirement.  Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the Court finds that the terms of the protective order accomplish necessary goals in connection with the prosecution and defense of this case, including the safety of witnesses and victims and the protection of personal identifying information.  The Court has no doubt that counsel for the Defendant will abide by the terms of the protective order, spirit and letter, and accepts her representations without any reservation.  Counsel is an officer of the Court and has special duties and responsibilities that inhere in that position.  But those who interact with counsel do not all

possess the knowledge or responsibilities that are commonly expected in criminal cases. The certification requirement is an important element of the protective order, as it makes clear beyond peradventure to anyone who receives the Discovery that they clearly understand and agree to the precise terms of the protective order and the use and disclosure of the Discovery. In the event of any violation, the certification requirement very likely would decrease the time and difficulty required of counsel and the Court to determine the person(s) who committed a violation. This Court is not required to depend upon a newly-created record after a violation occurs, as that might lead to increased satellite litigation and the needless expenditure of time and resources (not to mention any human error that might affect an after-the-fact reconstruction of what occurred). Obtaining a signed certification directly from the recipient of the Discovery is an important measure to ensure that the goals of criminal discovery are met.

Finally, the Court also notes that the certification requirement imposed here is not (as a practical matter) materially different than what any attorney for the Government would be required to do in the event of a violation. Because of their professional duties agents of the Government that receive any part of the Discovery are deemed to understand the restrictions placed upon use and disclosure, and Government agents can be located and questioned by the Court in the event of any violation without a separate certification process. (Indeed, much of the Rule 16 and Jencks Act material provided by the Government to defense counsel in any case serves as a contemporaneous record of the Government agents and witnesses who received portions of such material.) While the protective order, because of the adversarial process, is addressed only to the Defendant and his counsel, by issuing the protective order this Court does not, as a practical matter, impose any materially different responsibility upon defense counsel that is not also required of the Government. THEREFORE:

**IT IS HEREBY ORDERED** that the Government is authorized to disclose video and audio recordings that contain sensitive personal identifying information of witnesses and victims in its possession that the Government believes necessary to comply with the discovery obligations imposed by this Court;

**IT IS FURTHER ORDERED** that the government shall mark that portion of the Discovery that includes sensitive information as "Confidential;"

**IT IS FURTHER ORDERED** that Counsel of record for the Defendant in this proceeding shall hold the Confidential portion of the Discovery in the strictest confidence. Therefore, defense counsel shall restrict access to this Discovery, and shall disclose this Discovery to their client, office staff, investigators, and to anticipated fact or expert witnesses only to the extent that defense counsel believes is necessary to assist in the defense of their client in this matter and in a manner that will prohibit the disclosure of this Discovery to other persons not involved in the defense. To the extent the Defendant is in custody, defense counsel may show the Defendant copies of the Confidential portion of the Discovery but may not provide the Defendant with copies of the Confidential portion of the Discovery. Under no circumstance shall defense counsel permit the Defendant or any other individual to remove the Confidential portion of the Discovery from defense counsel's office, retain any copies of the Confidential portion of the Discovery, or reproduce in any manner the Confidential portion of the Discovery;

**IT IS FURTHER ORDERED** that counsel of record for the Defendant shall advise any person to whom the Confidential portion of the Discovery is disclosed that such information shall be held in strict confidence, and that further disclosure or dissemination is prohibited without defense counsel's express consent; and

**IT IS FURTHER ORDERED** that counsel of record for the Defendant shall obtain a certification from each person to whom the Confidential portion of the Discovery is disclosed, in which the recipient (a) acknowledges these restrictions as set forth in the Protective Order of the Court, and (b) agrees that they will not disclose or disseminate the information without express consent of defense counsel.  Counsel shall keep a copy of each certification to identify the individuals who received the Confidential portion of the Discovery and the date on which such information was first disclosed.

**IT IS FURTHER ORDERED** that counsel of record agree that, upon conclusion of the above captioned case,[1] copies of the Confidential portion of the Discovery disclosed to defense counsel pursuant to the terms of this order shall be destroyed or returned to the United States.

**DONE AND ORDERED** in the Southern District of Florida on April 16, 2026.

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

---

[1]     This shall mean the period at the conclusion of any appellate and collateral proceedings;

if any, or upon expiration of the deadline for filing appellate or collateral proceedings.